AO 106 (Rev. 04/10) Application for a Search Warrant (USAO CDCA Rev. 01/2013)    Approved and Authorized Date: s/ Wilson D. McGarry 5/22/2024

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

In the Matter of the Search of              )
*(Briefly describe the property to be searched*    )
*or identify the person by name and address)*     )    Case No. M-24- 464 -AMG
Information Associated With Instagram Account a1_frm_ws    )
That Is Stored at Premises Controlled by Meta Platforms,    )
Inc.                                  )

*FILED*
*MAY 2 3 2024*
JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY ____ DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___ Western ___ District of ___ Oklahoma ___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Unlawful possession of a machine gun |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Callie M. McLaughlin, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/23/24

*Judge's signature*

City and state: Oklahoma City, Oklahoma

Amanda Maxfield Green, U.S. Magistrate Judge
*Printed name and title*

AUSA: Wilson D. McGarry

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
INSTAGRAM ACCOUNT a1_frm_ws
THAT IS STORED AT PREMISES
CONTROLLED BY META
PLATFORMS, INC.

Case No. _____

**Filed Under Seal**

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Callie McLaughlin, a Special Agent with the Bureau of Alcohol, Tobacco,
Firearms and Explosives (ATF), Oklahoma City, being duly sworn, depose and state as
follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant for
information associated with a certain Instagram account that is stored at premises owned,
maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), an electronic
communications service and/or remote computing service provider headquartered in
Menlo Park, California.  The information to be searched is described in the following
paragraphs and in Attachment A.  This affidavit is made in support of an application for a
search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require
Meta to disclose to the government copies of the information (including the content of
communications) further described in Section I of Attachment B.  Upon receipt of the

information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

1.    I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and have been since March 2023.  Prior to being employed by the ATF, I completed my master's and bachelor's degrees from the University of Central Oklahoma. I am a graduate of the Federal Law Enforcement Training Center, and as a Special Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States. I have participated in a variety of investigations, including investigations of individuals who have used the internet, internet-based websites, social media, computers, and cellular devices to further their criminal acts.

2.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

3.    Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 USC § 922(o), Illegal Possession of a Machine Gun, have been committed by **Anthony Treden GENTRY**, date of birth: xx/xx/2003.  There is also probable cause to search the information described in Attachment A for evidence of the crime, as described in Attachment B.

## JURISDICTION

4.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

5.      As described below, based on an investigation conducted by ATF Special Agent Callie McLaughlin, **GENTRY** was found to be in possession of a machine gun conversion device ("Glock Switch"). Based on my training and experience, I know that a "Glock Switch" is a device that can be installed on a normal Glock handgun, which enables the firearm to fire more than one round for each pull of the trigger. Therefore, a properly installed "Glock Switch" to a Glock handgun converts the semi-automatic firearm to a machine gun as defined in Title 18 United States Code § 921(a)(23).[1]

---

[1]      For purposes of a criminal violation under 18 U.S.C. § 922, Title 18, United States Code, Section 921(a)(23) adopts the definition of "machinegun" as set forth in the National Firearms Act, 26 U.S.C. 5845(b). According to 26 U.S.C. § 5845(b) the term "machinegun" means any weapon which shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, **any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.** 26 U.S.C. § 5845(b) (emphasis added). Accordingly, based on my training and experience, a "Glock Switch" meets the definition of "machinegun" as it is a part that is solely intended to convert a

6.    On May 8, 2024, at approximately 9:05 a.m., officers with the Oklahoma City Police Department ("OCPD") executed a search warrant at a residence located at 3036 Southwest 12th, Oklahoma City, Oklahoma. When officers arrived at the residence, they announced themselves as police and ordered anyone inside the home to exit. After approximately 20-30 minutes, **GENTRY** exited the home and was taken into custody by OCPD officers. **GENTRY's** associate, Scout Moon French, who was also present inside the residence, created a barricade and stayed in the house for approximately five (5) hours until police found him in the attic.

7.    During the search of the residence, officers located a Troy pistol and a Glock pistol inside the home. The Troy pistol was located under a couch cushion in the living room of the house with a loaded magazine attached. The Glock pistol was partially disassembled and located in two separate locations of the home. The frame of the Glock pistol was found inside of a black and grey backpack in a back bedroom. The slide of the Glock pistol was found hidden in a pot of spaghetti located in the kitchen with a blue, metal "Glock Switch" attached. I believe that disassembling the firearm and hiding the Glock Switch indicates that the possessor knew the firearm contained the "Glock Switch."

---

weapon into a machinegun. Under 18 U.S.C. § 922(o), it is a federal crime for any person to transfer or possess a machinegun.

8.      Later that day, at approximately 3:40 p.m., OCPD officers conducted an interview of **GENTRY**. Before starting the interview, officers read **GENTRY** his *Miranda rights*, and he agreed to waive those rights and speak to officer. During the interview, officers showed **GENTRY** a short video officers had viewed on Instagram. Officers had located the video on a public profile which they believed belong to or was used by **GENTRY**. The video depicted **GENTRY's** right hand holding the same pistol found during the search warrant with the blue, metal "Glock Switch" attached. Specifically, the video focused on and highlighted the "Glock Switch" attached to the firearm.   From this, I believe that the person holding the firearm knew the "Glock Switch" was attached and appeared to be showing it off.  Officers were able to identify **GENTRY's** right hand through the identification of unique tattoos on **GENTRY's** fingers and on the top of his hand.  **GENTRY** was also wearing the same pants and belt during the interview as seen in the Instagram video.   The video was posted under Instagram profile or account username: a1_frm_ws.  After watching the video, **GENTRY** admitted to officers he had held the pistol with the blue "Glock Switch" attached to it and filmed a video of himself holding the pistol.

9.      On May 15, 2024, I submitted photographs of the seized "Glock Switch" device to the ATF Firearms and Ammunition Technology Division and received confirmation that the device meets the statutory definition of a machinegun pursuant to 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b).

10.     On May 15, 2024, SA McLaughlin observed a photograph posted on May 4, 2024, under the Instagram profile or username: a1_frm_ws, which is believed to be

GENTRY's Instagram account. In the photograph **GENTRY** appears to possess two (2) firearms. One of the firearms is a handgun he his holding in his right hand and the other firearm is a rifle laying on the floor by his feet. From my training and experience, it is believed that the rifle-looking firearm or Troy pistol is the same firearm found on May 8, 2024, by OCPD during their search of the residence.

11.    Based upon the aforementioned facts and circumstances, I believe that probable cause exists that on or about May 8, 2024, in the Western District of Oklahoma, **Anthony Treden GENTRY** unlawfully possessed a machinegun in violation of 18 U.S.C § 922(o).

12.    On or about May 21, 2024, SA McLaughlin located a publicly visible Instagram page for someone with the username: a1_frm_ws.



Above: Instagram page for Instagram account user ID: a1_frm_ws

13.    Based on my review of **GENTRY's** post-arrest video recorded interview with law enforcement and other law enforcement photographs, I recognized the photographs posted under username "a1_frm_ws" to depict Anthony **GENTRY**. In some of those photographs, I observed **GENTRY** possessing firearms, and in a video posted under Instagram user account ID "a1_frm_ws," I observed a video of **GENTRY** holding a Glock with a "Glock Switch" conversion device attached to it. Based on the foregoing, I have probable cause to believe that **GENTRY** uses the Instagram account user ID "a1_frm_ws" and that account may contain evidence of **GENTRY** violating 18 U.S.C. § 922(o), possession of an illegal machine gun.

7

14.    ATF SA Brenden Taylor submitted a preservation request to Meta on March 21, 2024, in regard to this account and received a response affirming that the data associated with this account would be preserved.

## BACKGROUND CONCERNING INSTAGRAM[2]

15.    Instagram is a service owned by Meta, a United States company and a provider of an electronic communications service as defined by 18 U.S.C. §§ 3127(1) and 2510.    Specifically, Instagram is a free-access social networking service, accessible through its website (http://www.Instagram.com) and its mobile application, that allows subscribers to acquire and use Instagram accounts, like the target account(s) listed in Attachment A, through which users can share messages, multimedia, and other information with other Instagram users and the general public.    Instagram users can use their accounts to share communications, news, photographs, videos, and other information with other Instagram users, and sometimes with the general public.

16.    Meta asks Instagram users to provide basic contact and personal identifying information either during the registration process or thereafter.    This information may include the user's full name, birth date, gender, e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.    Each Instagram user is assigned a user identification number

---

[2]    The information in this section is based on information published by Meta on its Instagram website, including, but not limited to, the following webpages: "Privacy Policy," https://privacycenter.instagram.com/policy/;    "Information    for    Law Enforcement,"    https://help.instagram.com/494561080557017;    and "Help Center," https://help.instagram.com.

and can choose a username. Users can change their usernames whenever they choose but no two users can have the same usernames at the same time. Instagram users can create multiple accounts and, if "added" to the primary account, can switch between the associated accounts on a device without having to repeatedly log-in and log-out.

17.    Meta collects this information provided by the user, such as basic contact and personal identifying information from users during the Instagram registration process. This information, which can later be changed by the user, may include the user's full name, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, credit card or bank account number, and other personal identifiers. Meta keeps records of changes made to this information.

18.    Meta also collects and retains information about how each user accesses and uses Instagram. This includes information about the Internet Protocol ("IP") addresses used to create and use an account, unique identifiers and other information about devices and web browsers used to access an account, and session times and durations.

19.    Instagram users can also connect their Instagram and Facebook accounts to utilize certain cross-platform features, and multiple Instagram accounts can be connected to a single Facebook account. Instagram accounts can also be connected to certain third-party websites and mobile apps for similar functionality. For example, an Instagram user can "tweet" an image uploaded to Instagram to a connected Twitter account or post it to a connected Facebook account, or transfer an image from Instagram to a connected image printing service. Meta maintains records of changed Instagram usernames, associated

9

Instagram accounts, and previous and current connections with accounts on Meta and third-party websites and mobile apps.

20.     Instagram users can "follow" other users to receive updates about their posts and to gain access that might otherwise be restricted by privacy settings (for example, users can choose whether their posts are visible to anyone or only to their followers).  Users can also "block" other users from viewing their posts and searching for their account, "mute" users to avoid seeing their posts, and "restrict" users to hide certain activity and prescreen their comments.  Instagram also allows users to create a "close friends list" for targeting certain communications and activities to a subset of followers.

21.     Users have several ways to search for friends and associates to follow on Instagram, such as by allowing Meta to access the contact lists on their devices to identify which contacts are Instagram users.  Meta retains this contact data unless deleted by the user and periodically syncs with the user's devices to capture changes and additions. Users can similarly allow Meta to search an associated Facebook account for friends who are also Instagram users.  Users can also manually search for friends or associates.

22.     Each Instagram user has a profile page where certain content they create and share ("posts") can be viewed either by the general public or only the user's followers, depending on privacy settings.  Users can customize their profile by adding their name, a photo, a short biography ("Bio"), and a website address.

23.     One of Instagram's primary features is the ability to create, edit, share, and interact with photos and short videos.  Users can upload photos or videos taken with or stored on their devices, to which they can apply filters and other visual effects, add a

caption, enter the usernames of other users ("tag"), or add a location. These appear as posts on the user's profile. Users can remove posts from their profiles by deleting or archiving them. Archived posts can be reposted because, unlike deleted posts, they remain on Meta's servers.

24.    Users can interact with posts by liking them, adding or replying to comments, or sharing them within or outside of Instagram. Users receive notification when they are tagged in a post by its creator or mentioned in a comment (users can "mention" others by adding their username to a comment followed by "@"). An Instagram post created by one user may appear on the profiles or feeds of other users depending on a number of factors, including privacy settings and which users were tagged or mentioned.

25.    An Instagram "story" is similar to a post but can be viewed by other users for only 24 hours. Stories are automatically saved to the creator's "Stories Archive" and remain on Meta's servers unless manually deleted. The usernames of those who viewed a story are visible to the story's creator until 48 hours after the story was posted.

26.    Instagram allows users to broadcast live video from their profiles. Viewers can like and add comments to the video while it is live, but the video and any user interactions are removed from Instagram upon completion unless the creator chooses to send the video to IGTV, Instagram's long-form video app.

27.    Instagram Direct, Instagram's messaging service, allows users to send private messages to select individuals or groups. These messages may include text, photos, videos, posts, videos, profiles, and other information. Participants to a group

11

conversation can name the group and send invitations to others to join. Instagram users can send individual or group messages with "disappearing" photos or videos that can only be viewed by recipients once or twice, depending on settings. Senders can't view their disappearing messages after they are sent but do have access to each message's status, which indicates whether it was delivered, opened, or replayed, and if the recipient took a screenshot. Instagram Direct also enables users to video chat with each other directly or in groups.

28.    Instagram offers services such as Instagram Checkout and Facebook Pay for users to make purchases, donate money, and conduct other financial transactions within the Instagram platform as well as on Facebook and other associated websites and apps. Instagram collects and retains payment information, billing records, and transactional and other information when these services are utilized.

29.    Instagram has a search function which allows users to search for accounts by username, user activity by location, and user activity by hashtag. Hashtags, which are topical words or phrases preceded by a hash sign (#), can be added to posts to make them more easily searchable and can be "followed" to generate related updates from Instagram. Meta retains records of a user's search history and followed hashtags.

30.    Meta collects and retains location information relating to the use of an Instagram account, including user-entered location tags and location information used by Meta to personalize and target advertisements.

31.    Meta uses information it gathers from its platforms and other sources about the demographics, interests, actions, and connections of its users to select and personalize

ads, offers, and other sponsored content. Meta maintains related records for Instagram users, including information about their perceived ad topic preferences, interactions with ads, and advertising identifiers. This data can provide insights into a user's identity and activities, and it can also reveal potential sources of additional evidence.

32.    In some cases, Instagram users may communicate directly with Meta about issues relating to their accounts, such as technical problems, billing inquiries, or complaints from other users. Social networking providers like Meta typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

33.    For each Instagram user, Meta collects and retains the content and other records described above, sometimes even after it is changed by the user (including usernames, phone numbers, email addresses, full names, privacy settings, email addresses, and profile bios and links).

34.    In my training and experience, evidence of who was using Instagram and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

35.    For example, the stored communications and files connected to an Instagram account may provide direct evidence of the offenses under investigation. In

fact, in this case, **GENTRY** is believed to have used Instagram to document his unlawful possession of a machine gun by video recording himself possessing a Glock with a Glock Switch device attached and posting it on Instagram. Based on my training and experience, photos and videos such as those believed to be posted by **GENTRY** are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation.

36.    In addition, the user's account activity, logs, stored electronic communications, and other data retained by Meta can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, photos and videos (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the account at a relevant time.

37.    Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

38.    Therefore, Meta's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Instagram. In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

14

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

39.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Meta to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

40.     Based on the foregoing, I request that the Court issue the proposed search warrant.

41.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  The government will execute this warrant by serving the warrant on Meta.  Because the warrant will be served on

Meta, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

CALLIE M. McLAUGHLIN
Special Agent
Bureau of Alcohol, Tobacco, and Firearms

Subscribed and sworn to before me on _May 23_____, 2024

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

16

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information associated with Instagram account user ID a1_frm_ws (active on, but not limited to, May 4, 2024), that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered in Menlo Park, California.

## **ATTACHMENT B**

### **Particular Things to be Seized**

**I.    Information to be disclosed by Meta Platforms, Inc. ("Meta")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Meta, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Meta is required to disclose the following information to the government for each user ID listed in Attachment A:

(a)    All contact and personal identifying information, including Instagram account user ID "a1_frm_ws", full name, user identification number, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

(b)    All activity logs for the account and all other documents showing the user's posts and other Instagram activities from January 24, 2024 – May 21, 2024

(c)    All photos and videos uploaded by that Instagram account user and all photos and videos uploaded by any user that have that user tagged in them from January 24, 2024 – May 21, 2024, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos;

(d)     All profile information; News Feed information; status updates; videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Instagram user identification numbers; groups and networks of which the user is a member, including the groups' Instagram group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Instagram applications;

(e)     All records or other information regarding the devices and internet browsers associated with, or used in connection with, that user ID, including the hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

(f)     All other records and contents of communications and messages made or received by the user from January 24, 2024 – March 8, 2024, including all Messenger activity, private messages, chat history, video and voice calling history, and pending "Friend" requests;

(g)     All "check ins" and other location information;

(h)     All IP logs, including all records of the IP addresses that logged into the account;

(i)     All records of the account's usage of the "Like" feature, including all Instagram posts and all non-Instagram webpages and content that the user has "liked";

(j)     All information about the Instagram pages that the account is or was a "fan" of;

(k)     All past and present lists of friends created by the account;

(l)     All records of Instagram searches performed by the account from January 24, 2024 –May 21, 2024;

(m)     The types of service utilized by the user.

(n)     The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(o)     All privacy settings and other account settings, including privacy settings for individual Instagram posts and activities, and all records showing which Instagram users have been blocked by the account.

(p)     All records pertaining to communications between Meta and any person regarding the user or the user's Instagram account, including contacts with support services and records of actions taken.

Meta is hereby ordered to disclose the above information to the government within fourteen days of the issuance of this warrant.

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 USC § 922(o), Illegal Possession of a Machine Gun, involving **Anthony Treden GENTRY** since January 24, 2024 – May 21, 2024, including, for the user ID identified in Attachment A, information pertaining to the following matters:

(a)    Records relating to illegally possessing machineguns and other firearms, including photos, videos, messages, posts, or other means of communication;

(b)    Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;

(c)    Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

(d)    The identity of the person(s) who created or used the user account and ID, including records that help reveal the whereabouts of such person(s).